UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE CURTIS,

Petitioner,

v.

MICHAEL BURGESS,

Respondent.

Case No. 1:26-cv-1913

Honorable Maarten Vermaat

# OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner leave to proceed *in forma pauperis*. (ECF No. 3.)

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment."). Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice because, at the time Petitioner filed his petition, he was not subject to a final judgment of sentence and, therefore, the Court did not have subject matter jurisdiction over the petition.

## Discussion

### I. Factual and Procedural Background

Petitioner Willie Curtis is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. On December 19, 2011, Petitioner entered a guilty plea to one count of first-degree retail fraud in the Kent County Circuit Court. On January 25, 2012, the court sentenced Petitioner to 1 year, 2 months to 5 years' imprisonment. In addition, Petitioner was required to serve the remainder of the sentence for which he was on parole at the time he committed the first-degree retail fraud. Petitioner failed to timely appeal his conviction and sentence; however, he did recently convince the trial court to reinstate his direct appeal rights. Petitioner has not yet completed his direct appeal. Nonetheless, Petitioner filed his habeas petition during June of 2026.

### II. Subject Matter Jurisdiction

"[L]itigants and district courts must assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). In *Davis v. Warren*, No. 18-1768, 2019 WL 3035577 (6th Cir. Feb. 19, 2019), the Sixth Circuit Court of Appeals considered whether the federal district court had subject matter jurisdiction where the prisoner's appeal was still pending such that the judgment was not yet final. The Court stated:

> Because Davis filed his § 2254 petition while his appeal was still pending . . . his state judgment had not become final, and his habeas petition was therefore not ripe for review. As a result, the district court lacked jurisdiction to consider Davis's habeas petition. Although it appears that this jurisdictional defect may have since been cured, *see Davis*, 2018 WL 3551573 (remanding for resentencing on July 24,

> 2018), "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)).

*Davis*, 2019 WL 3035577, at *2.[1] The Sixth Circuit vacated the district court's judgment and remanded the case with instructions that the district court dismiss Davis's § 2254 petition without prejudice. *Id.* The procedural posture of Petitioner's case is akin to Davis's.

The Court recognizes that *Davis* is non-precedential and, therefore, only serves as persuasive, not binding, authority. *See Meadows v. City of Walker*, 46 F.4th 416, 424 (6th Cir. 2022). Nonetheless, based on the Sixth Circuit's *Davis* reasoning, Petitioner's habeas petition was not ripe when it was filed. Under the circumstances, *Davis* counsels that this Court does not have jurisdiction to consider Petitioner's claims attacking his convictions.

Accordingly, the Court will dismiss Petitioner's § 2254 petition without prejudice.[2]

---

[1] *See also Juliano v. Cardwell*, 432 F.2d 1051 (6th Cir. 1970) (dismissing petition for failure to exhaust because an appeal from the denial of a post-conviction motion was still pending in the state's supreme court); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (dismissing habeas petition for lack of exhaustion because a petition for post-conviction relief was pending in the state's appellate court); *accord Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (5th Cir. 1983) (dismissing petition for lack of exhaustion because a collateral attack on the conviction was still pending in the state's appellate courts). The rationale behind this rule is that the appeal may result in the reversal of the petitioner's conviction, thereby mooting any federal question. *Tomkins*, 716 F.2d at 634; *Garrett v. Larson*, No. 2:13–CV–11339, 2013 WL 1681258, at *2 (E.D.Mich. Apr.17, 2013).

[2] Dismissal of the present petition does not raise any timeliness concerns. Presently, Petitioner's judgment is not yet "final" so as to trigger the running of the 28 U.S.C. § 2244(d)(1) period of limitation. If, and when, the Michigan Supreme Court resolves Petitioner's application(s) for leave to appeal, Petitioner may still choose to file a petition for certiorari to the United States Supreme Court. Even if Petitioner chooses to not pursue such a petition, the ninety-day period in which he could seek such review must also run before the judgment is considered final under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

**III. Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court resolved Petitioner's § 2254 petition on the procedural ground that the Court lacks jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.” *Id.* The Court finds that reasonable jurists could not debate that *Davis* compels dismissal of the petition for lack of jurisdiction; therefore, the Court denies Petitioner a certificate of appealability.

For the same reasons that the Court denies a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing Petitioner’s § 2254 petition without prejudice, as well as an order granting Petitioner leave to proceed *in forma pauperis*, denying Petitioner’s pending motion to stay and abey these proceedings (ECF No. 2) as moot, and denying a certificate of appealability.

Dated: August 17, 2026

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge